IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CARMEN STUART, as an elected official, and as an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-18-471-HE |
| CITY OF CUSTER CITY, A municipal corporation, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Plaintiff Carmen Stuart sued the Town of Custer City[1] along with Fred Adam, the town mayor and a trustee, and Micki Urbanczyk and Clay Hooper, two other town trustees. She asserts claims under 42 U.S.C. § 1983 for violations of her First Amendment and Fourteenth Amendment rights. She also asserts various claims under Oklahoma law. Defendants have filed a partial motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

When considering whether a claim should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

---

[1] *Defendants point out in their motion that the municipality is incorrectly named in the caption of the complaint as it is the Town of Custer City, rather than the City of Custer City.*

570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Background

Plaintiff alleges in the complaint that she is the elected town clerk/treasurer of the of Town of Custer City and is assigned additional duties pursuant to city ordinances.[2] She alleges that, on February 9, 2018, Mayor Adams called an emergency meeting before a regularly scheduled Board of Trustees meeting. At that meeting plaintiff claims one of the town trustees presented her with a signed letter dated February 5, 2018, which removed her from her elected position as town clerk/treasurer. She alleges that after she obtained a restraining order,[3] the town attorney provided her with a letter "stating that she was being suspended for oppression in office and willful neglect of duty, dealing only with the positions which are not, by statute, part of the positions of Town Clerk/Treasurer." Doc. #1, p. 5, ¶8.[4] Plaintiff alleges the trustees then "held a 'due process' hearing on March 19,

---

[2] *Plaintiff asserts that these extra duties essentially consist of her functioning as Custer City's utilities clerk. See Doc. #1, p. 7, ¶18. In the complaint and in the briefs the parties refer interchangeably to these additional duties as "assigned duties," non-elected duties" or as the position of "utilities clerk." The court will refer to the duties which plaintiff performed pursuant to town ordinance as "other duties" or the position of "utilities clerk."*

[3] *Plaintiff pleads that the injunction precluded defendants from "removing Plaintiff from her duties." Doc. #1, p. 10, ¶ 43. She provides a case number for the state court action but no other information about that lawsuit.*

[4] *Page references to briefs and exhibits are to the CM/ECF document and page number.*

2

2018." *Id*., ¶9. While the hearing purportedly was to allow her to "cross-examine witnesses," plaintiff asserts that the "trustees presented no witnesses and no evidence, other than their statement of the reason for the hearing." *Id*., ¶ 10. Allegedly when she asked about evidence at the hearing, the town attorney referenced the February 5, 2018, letter, as the reasons why the town terminated plaintiff from her position as utilities clerk.[5] The reasons stated for the trustees' action in the February 5, 2018, letter are listed in the complaint. They include: "Bad mouthed the Mayor and members of the Board of Trustees in public social media, on the telephone, and in person in violation of the Oklahoma code of conduct expected of public officials." *Id*., p. 4, ¶ 5(k).

Plaintiff alleges that she posted two comments on her personal Facebook page. One did not mention the trustees and the other was a response to a comment from a citizen. It, she alleges, consisted of a statement that three unnamed trustees were "putting up obstacles against her performance of her job, both as elected City Clerk/Treasurer, and as Utilities Clerk." *Id*., p. 7, ¶ 18. Plaintiff alleges that she "engaged in protected speech when, as a citizen, she posted on social media concerns about the operation of the City of Custer City." *Id*., p. 8, ¶ 26.[6] She also alleges that Custer City "discouraged employees from publicly

---

[5] *Plaintiff alleges that the second letter she received from the Town attorney stated that she was being "suspended," but she also refers in the complaint to her termination. As a result, it is unclear whether she was terminated or is currently only suspended from her non-elected duties. The effect or status of the restraining order issued by the state court also is unclear.*

[6] *Although not pertinent to the partial motion to dismiss, plaintiff also alleges that she engaged in protected speech when she questioned the Board of Trustees regarding their decision to go into an executive session, apparently to discuss appointing the mayor. See Doc. #1, pp. 6, 8, ¶¶ 12, 15, 27.*

3

discussing any matter that would cast the municipality in a negative light." *Id*., p. 9, ¶ 31. Plaintiff asserts six claims against the defendants.

Counts 1 and 2 are asserted under § 1983 against defendants Urbanczyk, Hooper and Adams in their individual capacities. In count 1 plaintiff alleges the defendants retaliated against her in violation of her First Amendment rights when they attempted to remove her from her elected position and removed her other duties because she had engaged in protected speech.[7] In count 2 plaintiff alleges the defendants violated her Fourteenth Amendment rights when they attempted to remove her from her elected position and removed her other duties without providing her with procedural due process.[8]

Count 3 is asserted under § 1983 against Custer City pursuant to Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978). In Count 3 plaintiff alleges that the town's "policy or custom enabled its Board of Trustees to act with deliberate indifference

---

[7] *Defendants challenge plaintiff's assertion that they attempted to discharge her from her elected position, relying on the minutes of the Board of Trustees' meeting held on February 9, 2018. The court disagrees with defendants' assertion that the meeting minutes are a document which can be considered by the court when ruling on the motion to dismiss. The minutes are neither a document which was incorporated by reference in the complaint nor one which can be considered central to it. However, the content of the minutes is not critical to the resolution of defendants' motion.*

[8] *Plaintiff refers to her right to equal protection both in her complaint and in her response to defendants' motion to dismiss. E.g., Doc. nos. 1, pp. 11,12, ¶¶44, 54; 14, p. 6. However, she fails to allege <u>any</u> facts demonstrating that she was treated differently from others who were similarly situated. See <u>Grissom v. Roberts</u>, 902 F.3d 1162 (10th Cir. 2018). This claim will be dismissed. She also refers in her response to defendants' motion to dismiss to a denial of substantive due process, stating that a public employee with a property interest in continued employment has a substantive due process right not to be terminated for arbitrary and capricious reasons. Doc. #14, p. 6 In addition to the lack of sufficient factual allegations to support such a claim, the court's conclusion that plaintiff lacks a property interest with respect to her position as utilities clerk precludes plaintiff from successfully pleading a substantive due process claim. See <u>DeFries v. Town of Washington</u>, 875 F.Supp. 756, 764 (W.D.Okla. 1995).*

4

to plaintiff's constitutional rights to free speech and due process and equal protection." *Id*., p. 12, ¶ 54.

Count 4 is asserted against defendants Urbanczyk, Hooper and Adams both individually and in their official capacities as members of the Custer City Board of Trustees. Plaintiff alleges that by impeding her ability to perform the duties of both her elected position and those additional duties "given to her by City Ordinances," defendants "interfered with Plaintiff's right to enjoyment of the gains of her own industry," *id*., p. 13, ¶ 57, in violation of Okla. Const. art. 2, §2. She alleges that by voting to remove her from her elected position and "terminate Plaintiff's employment with the City," Doc. #1, p. 13, ¶58, defendants deprived her of due process in violation of Okla. Const. art. 2, § 7. And finally, plaintiff alleges that defendants retaliated against her for speaking out about matters of public concern, violating her free speech rights guaranteed by Okla. Const. art. 2, § 22.

In count 5, asserted against all defendants, plaintiff alleges defendants reduced her salary during her term of office when they removed her additional duties, violating Okla. Const. art. 23, § 10. That section of the Oklahoma Constitution provides in pertinent part that "in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment." *Id*.

Finally, in count 6 plaintiff asserts that defendants violated Oklahoma's Open Meeting Act by holding an emergency meeting and failing to include in the minutes of the meeting the reasons for declaring an emergency.

5

Plaintiff seeks damages, attorney's fees, plus declaratory and injunctive relief with respect to her Open Meeting Act claim. Defendants seek to dismiss all but plaintiff's §1983 First Amendment claims and her Open Meeting Act claim.

Analysis

Due Process

Initially defendants move to dismiss plaintiff's § 1983 due process claims asserted in counts 2 and 3. In these counts plaintiff asserts defendants violated her rights to procedural due process by "illegally attempting to remove her from office and removing duties specifically bestowed upon the City Clerk/City Treasurer by ordinance without providing Plaintiff adequate due process and failing to follow the City's established ordinances and state law."[9] Doc. 14, p. 5.

To evaluate plaintiff's due process claim the court undertakes a two-step inquiry. It first determines whether the defendants' "actions deprived plaintiff[] of a constitutionally protected property interest." Pater v. City of Casper, 646 F.3d 1290, 1293 (10th Cir. 2011). If plaintiff satisfies that requirement, the court then considers whether she was afforded the appropriate level of process. *Id*. Defendants argue that plaintiff cannot make it past the first hurdle – that she did not have a protected property interest in her position as utilities clerk. The court agrees.

---

*[9] To the extent plaintiff relies on defendants' asserted failure to comply with state law for her §1983 due process claim, "procedural protections in state statutes, regulations, and policies … are insufficient to create property interests protected by the Fourteenth Amendment." Simmons v. Uintah Health Care Special Serv. Dist., 364 Fed. Appx 507, 515-16 (10th Cir. 2010).*

6

A property interest in the employment context is "'a legitimate expectation in continued employment.'" Hesse v. Town of Jackson, 541 F.3d 1240, 1245 (10th Cir. 2008) (quoting Lighton v. Univ. of Utah, 209 F.3d 1213, 1221 (10th Cir. 2000)). State law determines whether such a property interest exists. *Id.* "State law sources for property interest can include statutes, municipal charters or ordinances, and express or implied contracts." Schulz v. City of Longmont, 465 F.3d 433, 444 (10th Cir. 2006) (quoting Kingsford v. Salt Lake City Sch. Dist., 247 F.3d 1123, 1128 (10th Cir.2001)).

Custer City is governed by the "statutory town board of trustees form of government." 11 Okla. Stat. § 12-101. Under Oklahoma law, a governing town board of trustees may remove, demote, suspend or layoff an employee "solely for the good for the service." 11 Okla. State. § 12-114. Courts have repeatedly concluded that this standard is insufficient to create a constitutionally protected property interest and "creates essentially an 'at will' relationship between a town and its employees." DeFries v. Town of Washington, 875 F.Supp. 756, 762 (W.D.Okla. 1995); *see* Walker v. Town of Hennessey, 951 F.Supp.2d 1263, 1269 (W.D.Okla. 2013); *see generally* Parker v. Town of Chelsea, 275 Fed. Appx. 769, 771 (10th Cir.2008) (dicta) ("The district court properly concluded that Mr. Parker was an at-will employee who, according to Oklahoma law, could be terminated 'solely for the good of the service,' Okla. Stat. tit. 11, § 12–114, and therefore could not have a protected property interest in continued employment."). In other words, "no cause needs to be shown for proper termination." Youngwold v. Town of Stratford, 2013 WL 775355, at *1 (W.D.Okla. Feb. 28, 2013).

The parties appear to agree that Custer City employees are at-will employees. The issue is the characterization of plaintiff's position as utilities clerk, whether in that role she was considered to be an elected official or a Custer City employee.

Relying on two ordinances in Custer City's municipal code, plaintiff contends her other duties were "made part of the City Clerk/City Treasurer position by city ordinance." Doc. #14, p. 6.[10] One ordinance provides that "[t]he Town Clerk-Treasurer shall have such other powers, duties and functions as may be prescribed by law or Ordinance, including duties not related to his or her position as Town Clerk-Treasurer. Salary for such duties shall be fixed by Ordinance." Chapter 1, Article 3, § 1-26 (Doc. #14-1, p. 5). The other, in the public utilities chapter in the municipal code, provides that "[a]ny reference to the Town Clerk-Treasurer shall mean the Public Works Authority Secretary," which the parties refer to as the utilities clerk. Chapter 20, Article 1, § 20-1(3) (Doc. #14-2, p. 1).[11] Plaintiff argues that the additional duties "have clearly been made part of the position of Town Clerk/Treasurer by ordinance and not just assigned by the Board of Trustees." Doc. #14, p. 3. However, plaintiff misreads the ordinance. While it provides that the town

---

[10] *It is "entirely appropriate" for the court to take judicial notice of the provisions of the town ordinances.* Zimomra v. Alamo Rent-A-Car, Inc., *111 F.3d 1495, 1504 (10th Cir. 1997); accord* Boyz Sanitation Serv., Inc. v. City of Rawlins, *889 F.3d 1189, 1196 n.9 (10th Cir. 2018) ("Federal Rule of Evidence 201 authorizes federal courts to take judicial notice of adjudicative facts, including provisions in municipal ordinances, at any stage of the proceedings.").*

[11] *Plaintiff does not argue that the ordinances otherwise create a property interest, such as by granting or guaranteeing a right to continued employment. See* Bishop v. Wood, *426 U.S. 341, 344-45 (1976).*

clerk/treasurer may be assigned duties unrelated to her elected position,[12] it does not provide that, with respect to those duties, the individual ceases to be a town employee. The ordinance's reference to a provision of the Oklahoma Municipal Code supports this conclusion. The Municipal Code specifies that "[t]he person who serves as town clerk <u>may be employed by the town</u> to perform duties <u>not related to</u> his position as town clerk. 11 Okla. Stat. § 12-109(5) (emphasis added).[13] In other words, insofar as she was the utilities clerk, plaintiff was an employee of the town of Custer City. As such she was an at-will employee with respect to that position and has failed to allege she had a constitutionally protected property interest. Her procedural due process claim therefore fails. Count 2 and the due process claim asserted against the Town of Custer City under § 1983 in count 3 will be dismissed.

Bosh claims

In Count 4 plaintiff asserts three different violations of the Oklahoma Constitution against the Town and the individual defendants. She alleges they interfered with her "right to enjoyment of the gains of [her] own industry" in violation of Okla. Const. art. 2, §2, deprived her of due process in violation of Okla. Const. art. 2, § 7, and infringed her free speech rights in violation of Okla. Const. art. 2, § 22.

---

[12]*The duties of the town clerk and treasurer are set forth in 11 Okla. Stat. §§ 12-109; 12-110. The duties of utility clerk, set forth in Custer City's municipal code, Chapter 20, Article 1, clearly are "unrelated" to plaintiff's responsibilities as town clerk/treasurer.*

[13] *A similar provision is found in 11 Okla. Stat. 12-110(3) with respect to the position of town treasurer.*

9

In Bosh v. Cherokee Cnty. Bldg. Auth., 305 P.3d 994 (Okla. 2013) the Oklahoma Supreme Court recognized a private right of action against a governmental entity for excessive force based on Art. 2, § 30 of the Oklahoma Constitution, notwithstanding the limitations of the Governmental Tort Claims Act. Since then the Oklahoma courts have struggled with the issue of whether private rights of action should be recognized for other constitutional violations. The Oklahoma Supreme Court declined in Perry v. City of Norman, 341 P.3d 689 (Okla. 2014) to extend the scope of its holding in Bosh.[14] The Oklahoma Court of Civil Appeals has, though, subsequently concluded that Bosh is not limited to its facts and specific holding. *E.g*. Deal v. Brooks, 389 P.3d 375 (Okla.Civ.App. 2016); GJA v. Okla. Dept. of Human Servs., 347 P.3d 310 (Okla. Civ.App. 2015). Deal recognized a due process claim under Okla. Const. art. 2, § 7. It was approved for publication by the Oklahoma Supreme Court and was thereby accorded precedential value. *See* 20 Okla. Stat. § 30.5; Okla. S.Ct. Rule 1.200(d)(2). However, Deal involved extreme circumstances, the murder of a child placed in the custody of her biological father.

This court has repeatedly concluded that Bosh should be narrowly interpreted and generally applied only to excessive force claims. *See e.g.,* Mothershed Bey v. City of Oklahoma City, 2017 WL 2455160, at *3 (W.D.Okla. June 6, 2017) (citing Hedger. v. Kramer, 2013 WL 5873348, at *3 (W.D.Okla. Oct. 30, 2013). Federal courts are, in

---

[14] *The court held in Perry that a Bosh "claim for excessive force, as applied to police officers and other law enforcement personnel, may not be brought against a municipality when a cause of action under the [Oklahoma Governmental Tort Claims Act] is available." Perry, 341 P.3d at 689.*

10

general, reluctant to expand state law in the absence of clear guidance from the state's highest court.[15] Schrock v. Wyeth Inc., 727 F.3d 1273, 1284 (10th Cir. 2013). There is none suggesting the Oklahoma courts would recognize the private rights of action plaintiff is asserting in the circumstances alleged here. Plaintiffs' claims in count 4 based on alleged violations of the Oklahoma Constitution will be dismissed.

Salary Reduction

In Count 5 plaintiff claims defendants violated Okla. Const. art. 23, § 10 when they terminated her utility clerk duties. That provision of Oklahoma's constitution precludes any change in the salary or emoluments of any public official after her election or appointment or during her term of office. Plaintiff alleges in the complaint that her utilities clerk duties are provided by ordinance and are included in the duties of her elected position of town clerk/treasurer. She also alleges that "[e]moluments of office include the profit or perquisites of the office" and that the additional duties assigned by ordinance are "part of the profit or perquisites of the office." Doc. #1, p. 14, ¶¶ 63, 64. Defendants' reduction of her pay during her term of office, plaintiff asserts, violated Oklahoma's Constitution.

Defendants argue that this provision of Oklahoma's constitution has limited applicability. Citing Bd. of Comm'rs v. Hart, 119 P.132, 133 (Okla. 1911), they contend it pertains to elected official or those appointed for a fixed term. The court has previously

---

[15] *Some guidance regarding Bosh's reach may soon be provided as a federal district judge and a magistrate judge in the Northern District of Oklahoma have certified questions to the Oklahoma Supreme Court regarding whether a Bosh claim exists under Okla. Const. art.2, §§ 7, 9 for denial of medical care to an inmate. See Capel v. Ottawa Cnty. Bd of Comm'rs, 2018 WL 3521180, at * 3 (N.D.Okla. July 20, 2018).*

11

concluded that, with respect to her position as utilities clerk, plaintiff was an "at will" town employee, not a public official with a term of office. Therefore, based on the plain language of the constitutional provision, plaintiff is not entitled to its protection. Plaintiff's attempt to state a claim under Okla. Const. art. 23, § 10 based on the reduction of her salary after the termination of her duties as utilities clerk fails.[16]

Accordingly, defendants' motion to dismiss [Doc. #13] is **GRANTED**. Count 2 (§ 1983 claim against the individual defendants), plaintiff's due process claim in count 3 against the town of Custer City, count 4 (Bosh claims) and count 5 (salary reduction claim) are dismissed. To the extent plaintiff has attempted to allege equal protection and substantive due process claims they, too, are dismissed for failure to state a claim. Leave to amend will not be granted as amendment would be futile. The claims that remain for resolution consist of plaintiff's First Amendment claims asserted against the individual defendants and the Town of Custer City in counts 1 and 3 and her claim based on Oklahoma's Open Meeting Act in count 6.

**IT IS SO ORDERED**

Dated this 22nd day of October, 2018.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[16] *The Oklahoma Attorney General Opinion 2007-14 relied upon by plaintiff does not support her position.*